IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GARY GREENHALGH,                    )
                                    )    Civil No. 05-489-PK
            Petitioner,             )
                                    )
      v.                            )
                                    )
STATE OF OREGON,                    )
                                    )    FINDINGS AND RECOMMENDATION
            Respondent.             )

      Noel Grefenson
      Noel Grefenson, P.C.
      1415 Liberty Street South
      Salem, Oregon  97302

            Attorney for Petitioner

      Hardy Myers
      Attorney General
      Douglas Y.S. Park
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97301

            Attorneys for Respondent

///

      1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his June 1998 state conviction for Sexual Abuse in the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On May 20, 1997, the Clackamas County Grand Jury returned an indictment charging petitioner with one count of Sexual Abuse in the First Degree. Respondent's Exhibit 102. Following a bench trial, the court found petitioner guilty and imposed a 75-month sentence to be followed by ten years post-prison supervision less time served. Respondent's Exhibits 101.

Petitioner directly appealed his conviction, but the Oregon Court of Appeals affirmed the trial court, and the Oregon Supreme Court denied review. State v. Greenhalgh, 168 Or. App. 382, 9 P.3d 157 (2000), rev. denied 331 Or. 191, 18 P.3d 1098 (2000).

Petitioner next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Malheur County Circuit Court Case No. 01-08-1371M. The Oregon Court of Appeals affirmed the PCR trial court without a written opinion, and the Oregon Supreme Court denied review. Greenhalgh v. Lampert, 195 Or.

2 - FINDINGS AND RECOMMENDATION

App. 185, 99 P.3d 1238 (2004), <u>rev. denied</u> 337 Or. 657, 103 P.3d 640 (2004).

On April 7, 2005, petitioner filed this action.  In his Petition for Writ of Habeas Corpus, Petitioner alleges four grounds for relief:

1.  Petitioner was sentenced unlawfully in that he was given an unconstitutionally cruel and unusual sentence;

2.  Petitioner was denied effective assistance of trial counsel when counsel improperly advised and manipulated him into waiving his right to a jury based on trial counsel's understanding of Measure 40/SB936 giving the state the right to deny a jury trial. Petitioner alleges that but for counsel's advice and manipulation, he would not have waived his right to a jury trial;

3.  Petitioner was denied Due Process by ineffective Post-Conviction counsel when petitioner gave counsel exculpatory evidence, counsel agreed to submit it to the court with his argument, counsel failed to do so and failed to advise petitioner of such failure, and petitioner filed for relief from judgment asking the PCR court to consider that evidence; and

4.  The Post-Conviction Court used the wrong standard to determine whether petitioner had been denied effective assistance of counsel.  The Post-Conviction Court found that petitioner did not prove his case by a "preponderance."  That court should have applied a "Reasonable Probability" standard.

Respondent asks the court to deny relief on the Petition because:  (1) to the extent that petitioner's Grounds Three and Four claims are based on post-conviction counsel's actions, or the process of petitioner's post-conviction proceedings generally, he has failed to state a claim on which relief may be granted because petitioners do not have a federal constitutional right to counsel

during PCR proceedings, or to state post-conviction relief proceedings at all; and (2) the state court decisions denying petitioner relief on his claims were neither contrary to, nor an unreasonable application of, United States Supreme Court precedent.

## DISCUSSION

### I.   Conceded and Unargued Claims.

Petitioner concedes that the claims he lists in Grounds One and Three do not entitle him to relief.  Petitioner's Habeas Brief (#30), pp. 2, 10.  In addition, in his Habeas Brief, petitioner abandons  Ground Four as a stand alone claim.  Id at 10.  The court notes that petitioner's claim that the PCR trial court applied an improper legal standard to his ineffective assistance claim is addressed in his Ground Two argument.  Accordingly, the court will consider the claim set forth in Ground Four only to the extent that it supports petitioner's Ground Two ineffective assistance of trial counsel claim.

### II.  The Merits.

In Ground Two, petitioner alleges that he was denied the effective assistance of trial counsel when counsel purposefully misled him into waiving his right to a jury trial by erroneously representing to petitioner that by virtue of a victims' rights law in effect at the time, the prosecution was entitled to that waiver as a matter of law.

///

4 - FINDINGS AND RECOMMENDATION

A.   **Standard of Review**.

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."  Id at 413.   The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.  Id at 410.

The state court's application of clearly established law must be objectively unreasonable.  Id at 409.

### B.   Ineffective Assistance of Trial Counsel.

As noted above, petitioner alleges that he was denied the effective assistance of trial counsel when counsel convinced him that the State could compel his waiver of his right to a jury trial.  Petitioner insists that he would not have waived his right to a jury trial absent counsel's alleged erroneous advice.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel.  First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness.  Strickland v. Washington, 466 U.S. 668, 686-687 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."  Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense.  The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial.  Id at 696.

6 - FINDINGS AND RECOMMENDATION

The PCR trial court made the following findings of fact and
conclusions of law relating to this claim:

### FINDINGS OF FACT

The preponderance of the evidence indicates that:

2.   Petitioner received adequate assistance of counsel.

3.   Trial counsel discussed petitioner's right to a jury
     trial with him in detail.

4.   Trial counsel advised petitioner that the case was of an
     inflammatory nature and that his previous conviction in
     Washington state for Assault with Sexual Intent was
     likely to be used against him in trial.

5.   Petitioner was informed of the need to have a finder of
     fact who would overcome the emotional aspects of the case
     and consider only the facts and the law.

6.   Trial counsel did not tell petitioner that he could not
     have a jury trial.

7.   Petitioner's claim that his attorney told him to answer
     the judge's questions regarding waiver of jury is not a
     credible explanation.

8.   Trial counsel did not coach petitioner regarding his
     right to a jury trial and the jury trial waiver.

9.   Trial counsel discussed with petitioner that the judge
     would review his rights and that if he wished to have his
     case tried by the court rather than a jury, he would have
     to tell the judge.

10.  Petitioner's recollection of a victim's rights law may be
     due to the right of the state to insist on a jury trial
     under Ballot Measure 40.  The record indicates that the
     state declined to assert this right and consented to a
     court trial.

11.  The prosecution did not insist that petitioner waive his
     right to a jury trial.

12.  Trial counsel's only reference to a victim's rights law
     is that he told petitioner that the victim as well as the

victim's guardian had a right to be in the courtroom during the trial.

13.  Petitioner's waiver of a trial by jury was a knowing and voluntary waiver.

14.  Petitioner signed a waiver of trial by jury form.

15.  Petitioner's signature indicated that he was aware that he was charged with Sexual Assault in the First Degree, that he had a constitutional right to a trial by jury, and that by signing the form he was freely and voluntarily waiving that right and consenting to be tried by the court.

16.  The judge thoroughly questioned petitioner prior to acceptance of the waiver and ensured that petitioner understood that he had a constitutional right to a trial by a jury and that by waiving that right, the court would be deciding all factual and legal matters in his case.

17.  Petitioner indicated to the court that he wanted to waive trial by jury and that it was his signature on the form.

18.  Trial counsel did not fail to protect petitioner's constitutional right to a jury trial.

CONCLUSIONS OF LAW

1.  Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by [ ] the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). . . .

Respondent's Exhibit 115, pp. 2-3.

Petitioner attempts to overcome the PCR trial court's factual findings by referencing the affidavit of his former girlfriend, Debbie Miller. The Miller affidavit corroborates petitioner's assertion that trial counsel told him that there was a new victims' rights law in effect that essentially gave District Attorneys and

victims the right to force petitioners to have bench trials. Petitioner's Habeas Brief (#30), p. 9. Critically, however, the Miller affidavit was not introduced at petitioner's PCR trial. Although petitioner submitted the affidavit in conjunction with a Motion for Reconsideration which he made more than a year after entry of Judgment, the PCR trial court summarily denied the Motion. Respondent's Exhibit 117, ER 10.

Rule 7 of the Rules Governing § 2254 Cases provides that "[i]f the petition is not dismissed summarily the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination." However, because petitioner asks the court to evaluate his claim of constitutional error in light of evidence which he did not present to the PCR trial court, he must meet the evidentiary hearing requirements of 28 U.S.C. § 2254(e)(2). Holland v. Jackson, 124 S.Ct. 2736, 2738 (2004)(§ 2254(e)(2) requirements apply when a prisoner seeks relief based on new evidence, even where he does not request an evidentiary hearing).

Petitioner is not entitled to an evidentiary hearing in this federal court to further develop the merits of his claim unless he diligently attempted to develop the evidence in state court, but was unable to do so. Williams v. Taylor, 529 U.S. 420, 433-38 (2000). If petitioner failed to diligently develop the evidence, an evidentiary hearing is permitted only if petitioner's claim relies on: 1) a new rule of constitutional law, made retroactive

9 - FINDINGS AND RECOMMENDATION

to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence.  28 U.S.C. § 2254(e)(2)(A)(I) and (ii).  In addition, the facts underlying the claim must be sufficient to establish by clear and convincing evidence, that no reasonable fact finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

Although petitioner knew of the existence of the Miller affidavit at the time of his PCR trial, he failed to present it during that proceeding.  Petitioner alleges that he gave the affidavit to his PCR trial counsel to submit during the trial. Petition for Writ of Habeas Corpus (#2), p. 9.  Even assuming this is true, petitioner, who was present at the trial, in an exercise of diligence, would have noticed that counsel had not presented the affidavit and would have attempted to do so himself.  Moreover, § 2254(e)(2) precludes an evidentiary hearing if the failure to develop a claim's factual basis is due to a "lack of diligence, or some greater fault, attributable to the prisoner *or the prisoner's counsel*."   Williams, 529 U.S. at 432 (emphasis added). Accordingly, because the Miller affidavit was never admitted into evidence for the state court's consideration, and as petitioner has

10 – FINDINGS AND RECOMMENDATION

not met the requirements for expansion of the record, the affidavit is not properly before this court.[1]

Petitioner also tries to overcome the PCR trial court's factual findings with his contentions that: (1) he was only following trial counsel's specific instructions when he made statements to the trial court reflecting his knowledge of his right to a trial by jury; and (2) the trial court statement made during the waiver proceedings that "[the court had] been informed in chambers that the State and the defendant intended to waive trial by jury this morning" supports his position here. Petitioner's Habeas Brief (#30), p. 9.

The court is unconvinced. It finds that none of petitioner's arguments is sufficient to rebut the PCR trial court's findings of fact by clear and convincing evidence. Taking the court's findings as true, counsel did not advise petitioner that he could not have a jury trial or that there was a victim's rights law in effect entitling the district attorney and the victim to compel petitioner's waiver of his right to a jury trial. Therefore, petitioner's claim fails under Strickland's deficient performance prong.

Although petitioner argues that the PCR trial court improperly held petitioner to a preponderance of the evidence standard in its

---

[1]   Even assuming the Miller affidavit is properly before this court, it does not constitute clear and convincing evidence that the PCR trial court's factual findings were wrong.

11 - FINDINGS AND RECOMMENDATION

denial of his ineffective assistance claim, this argument is applicable only to Strickland's prejudice prong. Since petitioner's claim fails under Strickland's deficient performance prong, the court need not analyze the PCR trial court's application of Strickland's prejudice test.

For these reasons, the PCR trial court's decision concluding that petitioner was not denied the right to effective assistance of counsel is neither contrary to, nor an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of

12 - FINDINGS AND RECOMMENDATION

a party's right to appellate review of the findings of fact in order of judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this   15th   day of December, 2006.

                         /s/ Paul Papak
                         Paul Papak
                         United States Magistrate Judge

13 - FINDINGS AND RECOMMENDATION